## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **KIMBERLEE G. MASTERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** ___3:17-CV-362-DJH___ |
| | ) | |
| **v.** | ) | *Electronically Filed* |
| | ) | |
| **CONVERGENT OUTSOURCING, INC.,** | ) | |
| | ) | |
| Serve: **CT Corporation System** | ) | |
| **306 West Main Street** | ) | |
| **Suite 512** | ) | |
| **Frankfort, Kentucky 40601** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TRANSUNION LLC,** | ) | |
| | ) | |
| Serve: **The Prentice Hall** | ) | |
| **Corporation System** | ) | |
| **421 West Main Street** | ) | |
| **Frankfort, Kentucky 40601** | ) | |
| | ) | |
| **Defendants.** | ) | |

* * * * *

## COMPLAINT

1.      This is an action for actual and statutory damages and injunctive relief brought by Kimberlee G. Masters against Defendants Convergent Outsourcing, Inc., and TransUnion LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits creditors from engaging in abusive, unfair, or deceptive debt collection practices, and the Fair Credit Reporting Act ("FCRA"), which prohibits creditors and credit reporting agencies from furnishing and/or reporting false or inaccurate consumer credit information.

2.      Ms. Masters filed for bankruptcy in the United States Bankruptcy Court for the Western District of Kentucky. A debt to the Sprint Corporation was discharged as a result of the bankruptcy proceedings. Despite the discharge and an injunction against further collection efforts, Convergent, a debt collection agency, made unlawful attempts to collect the discharged debt from Ms. Masters. Convergent also wrongfully reported the discharged debt as delinquent to TransUnion and other credit reporting agencies. Ms. Masters subsequently disputed the alleged debt with the Defendants. However, both Defendants continue to furnish or report the false credit information on Ms. Masters' credit reports. Ms. Masters has suffered damages as a result of the Defendants' violative conduct.

## PARTIES, JURISDICTION, AND VENUE

3.      Ms. Masters is a resident of the Commonwealth of Kentucky and resides within this District. At all times relevant to this action, she was a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a, *et seq.*, and the FDCPA, 15 U.S.C. § 1692, *et seq.*

4.      Convergent Outsourcing, Inc., is incorporated in the State of Washington, and its principal place of business is 800 Southwest 39th Street, Renton, Washington 98055. Convergent is registered to do business in the Commonwealth of Kentucky, does extensive business in this District, and is subject to this Court's exercise of personal jurisdiction. At all times relevant to this action, it was a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692, *et seq.*

5.      TransUnion is incorporated in the State of Delaware, and its principal place of business is located at 555 West Adams, Chicago, Illinois 60661. It is registered to do business in the Commonwealth of Kentucky, does extensive business in this District, and is subject to this Court's exercise of personal jurisdiction. It is a "consumer reporting agency that compiles and

2

maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a, *et seq*. It regularly engages in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "customer reports," to third parties, as that term is defined by the FCRA, 15 U.S.C. § 1681a(d), *et seq*.

6.      This Court has subject matter jurisdiction over this action pursuant to the FCRA, 15 U.S.C. § 1681(p), FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7.      Venue is proper as the Defendants regularly conduct business in this District and Ms. Masters is a resident of this District.

## FACTUAL ALLEGATIONS

8.      On August 24, 2011, Ms. Masters filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky.

9.      On January 19, 2015, Ms. Masters' Chapter 13 bankruptcy petition was converted into a Chapter 7 bankruptcy petition.

10.     The Sprint Corporation was provided notice of conversion.

11.     On May 5, 2015, the bankruptcy court entered an Order Discharging Debtor. Notice of the Order was sent to Sprint.

12.     Pursuant to the Order Discharging Debtor, Ms. Masters was relieved of any legal obligation to pay Sprint's claim. The Order also prohibited creditors from making any further collection efforts regarding debt associated with the bankruptcy.

13.     On June 4, 2015, the bankruptcy court entered a Final Decree and closed the bankruptcy proceedings.

14.     Convergent Outsourcing, Inc., is a debt collection agency that collects, or attempts to collect, alleged debts on behalf of creditors.

15.     On or about December 2016, Convergent, on behalf of Sprint, opened an active collections account and began to attempt collection of Ms. Masters' discharged debt.

16.     On April 3, 2017, Convergent sent Ms. Masters a letter styled "Settlement Offer." This letter alleged that Ms. Masters owed a debt to Sprint and requested that she start making payments to satisfy the alleged debt.

17.     Ms. Masters disputed the alleged debt with Convergent.

18.     On April 26, 2017, Convergent claimed it validated the alleged debt and provided Ms. Masters with a billing invoice from Sprint.

19.     The billing period for this invoice predated the conversion of Ms. Masters' bankruptcy case.

20.     The January 2015 invoice represented the same pre-petition debt that had been discharged by the bankruptcy court on May 5, 2015.

21.     Convergent knew it was attempting to wrongfully collect a debt that had been previously discharged by the bankruptcy court. Convergent knew its actions violated the bankruptcy court's injunction against continued collection efforts.

22.     In addition to the aforementioned letter, Convergent also made abusive, unfair, and misleading phone calls wherein it represented to Ms. Masters that the alleged debt was valid and could be lawfully collected.

23.     Further, during at least one telephone conversation, an agent or employee of Convergent told Ms. Masters that she would be jailed if the alleged debt was not paid.

24.     Ms. Masters later acquired her credit reports from three separate credit reporting agencies, including TransUnion.

25.     Ms. Masters discovered on each credit report she obtained that Convergent had wrongfully furnished false and inaccurate information to the credit reporting agencies. Despite the debt having been discharged, Convergent reported that the alleged debt was in collections and delinquent.

26.     Convergent continued to wrongfully furnish these false and inaccurate reports after Ms. Masters initiated her dispute.

27.     On or about April 17, 2017, Ms. Masters disputed the accuracy of her credit report regarding the alleged debt with TransUnion.

28.     On or about May 16, 2017, TransUnion continued to report the alleged debt on Ms. Masters' credit report.

29.     TransUnion failed to show any reasonable or sufficient documentation that an investigation had been conducted regarding Ms. Masters' dispute.

30.     Ms. Masters was denied credit, personal loans, and employment opportunities because of Convergent and TransUnion's improper credit reporting.

31.     Ms. Masters suffered additional damages as a result of Defendants' wrongful conduct, including fear and anxiety of not being able to provide for her children's education and medical needs, decreased credit worthiness, emotional distress, embarrassment, and humiliation.

**COUNT 1:**
**WILLFUL NONCOMPLIANCE WITH THE**
**FAIR CREDIT REPORTING ACT**
**(Convergent Outsourcing, Inc.)**

32.     Ms. Masters incorporates by reference the allegations previously set forth in this Complaint.

33.     By engaging in the conduct set forth above, Convergent knowingly and willfully reported inaccurate information regarding Ms. Masters to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq.*

34.     Convergent's actions caused Ms. Masters to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

35.     Ms. Masters demands that Convergent correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit information, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

36.     In addition to actual damages, interest, expenses, and court costs, Ms. Masters is entitled to attorney's fees, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n.

## COUNT 2:
### NEGLIGENT NONCOMPLIANCE WITH THE
### FAIR CREDIT REPORTING ACT
### (Convergent Outsourcing, Inc.)

37.     Ms. Masters incorporates by reference the allegations previously set forth in this Complaint.

38.     In the alternative, by engaging in the conduct set forth above, the Defendant Convergent negligently reported inaccurate information regarding Ms. Masters to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq.*

39.     Convergent's actions caused Ms. Masters to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit

score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

40.     Ms. Masters demands that Convergent correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit information, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

41.     In addition to actual damages, interest, expenses, and court costs, Ms. Masters is entitled to attorney's fees and statutory damages pursuant to 15 U.S.C. § 1681*o*.

## COUNT 3:
## FAIR DEBT COLLECTION PRACTICES ACT
### (Convergent Outsourcing, Inc.)

42.     Ms. Masters incorporates by reference the allegations previously set forth in this Complaint.

43.     Convergent's actions detailed above, including, but not limited to, attempting the collection of discharged debt; violating an injunction against collecting discharged debt; misrepresenting the legal status of the alleged debt; failing to properly validate and/or invalidate the alleged debt; and threatening to put Ms. Smith in jail if she did not pay the alleged debt, constitute multiple violations of the FDCPA, 15 U.S.C. §§ 1692e(2), (4), (5), (7), and (10); and 15 U.S.C. § 1692g(b).

44.     Convergent's unlawful actions caused Ms. Masters to sustain actual damages in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, stress, anxiety, and humiliation.

45.     In addition to actual damages, interest, expenses, and court costs, Ms. Masters is entitled to attorney's fees and statutory damages pursuant to 15 U.S.C. § 1692a, *et seq.*

**COUNT 4:**
**WILLFUL NONCOMPLIANCE WITH THE**
**FAIR CREDIT REPORTING ACT**
**(TransUnion LLC)**

46.      Ms. Masters incorporates by reference the allegations previously set forth in this Complaint.

47.      TransUnion's failure to remove the disputed items from Ms. Masters' credit report despite knowledge of the falsity of the disputed items is a willful violation of its duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

48.      TransUnion's failure to evaluate or consider any of Ms. Masters' information, claims, or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following its receipt of Ms. Masters' dispute is a willful violation of its duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

49.      TransUnion's actions caused Ms. Masters to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

50.      In addition to actual damages, interest, expenses, and court costs, Ms. Masters is entitled to attorney's fees, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n.

**COUNT 5:**
**WILLFUL NONCOMPLIANCE WITH THE**
**FAIR CREDIT REPORTING ACT**
**(TransUnion LLC)**

51.      Ms. Masters incorporates by reference the allegations previously set forth in this Complaint.

52.     In the alternative, by engaging in the conduct set forth above, TransUnion negligently failed to remove the disputed items from Ms. Masters' credit report in violation of its duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

53.     In the alternative, by engaging in the conduct set forth above, TransUnion negligently failed to evaluate or consider Ms. Masters' information, claims, or evidence, and failed to make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Ms. Masters' dispute, in violation of their duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

54.     TransUnion's actions caused Ms. Masters to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

55.     In addition to actual damages, interest, expenses, and court costs, Ms. Masters is entitled to attorney's fees and statutory damages to 15 U.S.C. § 1681*o*.

## PRAYER FOR RELIEF

Wherefore, Ms. Masters demands relief against the Defendants as follows:

a.     Entry of a Judgment to compensate her for damages to which she is entitled, including but not limited to actual, compensatory, statutory, and punitive damages;

b.     Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by law;

c.     Trial by jury on all issues so triable;

d.     An award of attorney's fees and costs herein incurred; and

      e.      Any and all other relief to which she may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Isaac T. Fain

/s/ Isaac T. Fain_____
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
ifain@craighenrylaw.com

*Counsel for Kimberlee G. Masters*

10